**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GREGORY DICKENS,

Petitioner - Appellant,

v.

DORA B. SCHRIRO,

Respondent - Appellee.

No. 08-99017

D.C. No. CV-01-757-PHX-NVW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Argued and Submitted February 10, 2011
Pasadena, California

Before: REINHARDT, RAWLINSON, and N.R. SMITH, Circuit Judges.

Gregory Dickens appeals the district court's denial of his petition for writ of

habeas corpus. He raises, for purposes of this memorandum, three uncertified

issues. The district court had jurisdiction to consider Dickens's habeas petition

_____

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

pursuant to 28 U.S.C. § 2254. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.

## I.

We decline to issue a certificate of appealability (COA) on Dickens's claim that 28 U.S.C. § 2254(i) is unconstitutional. Habeas claims presented to federal courts must be presented first to the state courts. *See Picard v. Connor*, 404 U.S. 270, 275 (1971). Here, Dickens concedes that he did not exhaust the claim in state court. Therefore, a reasonable jurists would not "find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## II.

We decline to issue a COA on Dickens's claim that the Arizona Supreme Court's decision to apply Arizona's "especially cruel" aggravating factor to the murder of Bryan Bernstein was based on an unreasonable determination of the facts. Even if Dickens's claim had merit, it only applies to one of the two death sentences (for the murder of Bryan Bernstein, not for the murder of Laura Bernstein). Therefore, Dickens would *still* be eligible for the death penalty for the murder of Laura Bernstein. Additionally, the Arizona trial court determined (and the Arizona Supreme Court affirmed) that Dickens was eligible for death "without

regard to whether the offense was committed in an especially heinous, cruel or depraved manner" given the other aggravating circumstances (which included (1) commission of the "offense . . . in the expectation of the receipt of anything of pecuniary value," and (2) Dickens's "convict[ion] of one or more other homicides, which were committed during the commission of [the] offense"). Therefore, Dickens failed to demonstrate that the alleged constitutional error had a "substantial and injurious effect or influence" on his sentence meriting relief. *Calderon v. Coleman*, 525 U.S. 141, 145–46 (1998). Because reasonable jurists would not find the Arizona court's assessment of this claim debatable or wrong, we decline to issue a COA on this issue. *Slack*, 529 U.S. at 484.

III.

Lastly, we decline to issue a COA on Dickens's claim that the Arizona Supreme Court's decision to deny his *Mattox* claim—that the bailiff's interaction with the jury denied him a fair trial—was based on an unreasonable application of Supreme Court precedent and on an unreasonable determination of the facts.

The Arizona Supreme Court denied Dickens's *Mattox* claim, because: (1) "the record shows that only one juror asked the bailiff to clarify an instruction, not that the jury presented a question to the judge;" (2) "the bailiff [did not] refuse to submit a question to the judge or attempt to answer it herself;" (3) the "bailiff

3

merely instructed the juror to discuss any need for clarification with the other jurors and present a question for transmittal to the judge if there was one;" and (4) "[h]aving just asked a question and received an answer on another subject [the jurors previously sought clarification of the word "culpability"], we must assume that the jurors were well aware of their ability to address questions to the judge. We do not see how the bailiff's statement could be considered interference with the jurors' prerogative to transmit questions to the judge." *State v. Dickens*, 926 P.2d 468, 484 (Ariz. 1996).

Because these interactions were "harmless," *Mattox v. United States*, 146 U.S. 140, 150 (1892), and the "intrusion [did not] affect the jury's deliberations and thereby its verdict," *United States v. Olano*, 507 U.S. 725, 739 (1993), reasonable jurists would not find the Arizona court's assessment of this claim debatable or wrong.

**DENIED.**

*Dickens v. Ryan*, No. 08-99017

REINHARDT, Circuit Judge, concurring in part and dissenting in part:

I concur as to Parts I and III. Because, as stated in my dissent to the opinion, I would grant relief on Dickens' *Enmund/Tison* claim, and hold that Dickens is not death eligible, I would not reach any other issue regarding his death sentence in this disposition, including the issue addressed in Part II.